Mathews,!,
delivered the opinion of the Court. This cause comes up on a bill of exceptions, taken to the opinion of the Judge of the first district, before whom it was tried, in which he refused to 'allow the plaintiff to give in evidence to the jury, the bond On which the action is founded; because it was not taken in conformity with an act of the Legislative Council of the late Territory of Or. leans, entitled “An Act to regulate sales at auction,” although acknowledged by the defendants to; have been by them executed.
The 3d section of the act, requires that “an Auctioneer, before entering on the duties of his office, shall enter into a recognizance, to the government with two sufficientTreehoidér's as sureties in the sum of seven thousand five hundred dollars each, conditioned for the faithful performance of his duty as Auctioneer, towards all persons who shall employ him as such, and also for the payment of duties on articles sold; and that he shall in all. things conform himself to die directions of *566 act ;’’ which recognizance was to have been taken by one of the Judges of the late Territory and by him retained until the appointment of a Treasurer.
The facts which áre important to the decision of the case, and appearing in the record, are the following. 1st. that Qne Morin was regularly appointed Auctioneer for the? city. 2d. that the ap-pellees voluntarily entered intoa bond or obligation, whereby they bound themselves under the penalty of seven thousand five hundred dollars, as sureties, for the Auctioneer, “conditioned that he shall, well and truly observe and discharge the duties of Ms office, according to law.” And 3d. that this bond was taken by the Treasurer of the Territory and not by one of the Judges.
It is clear, from the manner fin which this instrument was executed, that it is not a recognizance, according to the definition of the English law, from whence the term is borrowed and therc-io red t becomes unnecessary to notice the distinctions, made in the course of argument,, by the counsel for the appell<i:s between bonds and recognizances. And here also we may dismiss all the reasoning on comparisons drawn between office bonds and individual obligations, and amongst the former, those given for ease and favor and such as are not; as the instrument under consideration is evidently not one given for ease and lavar. It is *567 equally evident, by comparing this bond, with the stipulations and conditions, required by the 3d section of the act just quoted, that it was not taken conformably thereto : it was not taken by a judge; the condition differs from that required by the statute and, therefore, were it to rest solely On the statutory provisions, must be considered void. The counsel for the appellant does not insist on its validity, as supported by the statute; but claims the benefit of the obligation imposed by it on the sureties,. as being good and valid according to the general principles of law. Leaving then the act of the Legislative Council out of view, it becomes the duty pf the Court to decide, whether <9t not, the bond is good and valid according to the general laws of the state ; and this, altho’ the only question in the cause, is hardly discoverable by the pleadings. The defendants in the Court below filed separate answers: one of them denies any breach of the covenant; the other after denying every thing contained in the plaintiff’s petition, concludes by a plea of prescription : not a word as to the validity of the bond; and it is only when it comes to be offered in evidence to the jury that they oppose it on the ground, of not having been taken in pursuance of the statute, and on this principle it was rejected by the Judge.
,The arguments, offered by the counsel of the appellees, against the validity of the obligation, *568 which have weighed most with the Court; are those drawn from the cases of the New-Jersey Constables, found in Pennington’s reports; when it was determined, that bonds executed by them to the-inhabitants of certain townships, 'Were void because they did not pursue the provisions of a statute of that state, under color of which they were taken; but imposed severer conditions on the. constables and their securities, than those required by the statute.
From the history of these cases, it appears that a Constable, according to the laws of that state, when elected by a township is bound to give secu-jfty to the inhabitants for the faithful performance. In one of the cases cited, viz. that' of the inhabit tants of" Woolwich vs. Forest & al. (wherein Judge Pennington seems to have differed from the rest of the court) by the tenof of his reasoning, he places the want of validity in the bond, more on the ground of the hard situation of the officer, under such circumstances (being a species of duress) than on the principle of its nullity, because it did not conform to the statute. In relation to the parties in the present suit, nothing of this hardship exists : the acceptance and exercise of the office of Auctioneer, by Morin, was entirely voluntary t the act of the appellees, -in becoming his security was equally so; there is no stipulation or condition in the bond, harder than those required by the act «f the legislative Council; and, . according to th® *569 general principles of our laws,', one person may bind himself under a penalty for another: for although no obligation is created by a promise, purs de alio, yet when in promising the act of another, one submits to pay a penalty or merely damages, in case of the inexecution of the promise, it is not to be doubted, that in this case, he did not understand de alio tantam promittere, but that he promised for himself, that he would procure the other to do or give the thing. Therefore Ul-pian says : si quis velit alienum factum promittere, pcénam vel quanti ea res est, potest promittere. L. 38 §2 ff. d. t. Pothieroñ Obligations, no. 56. The appellees are clearly bound by their obligation thus voluntarily entered into, unless there is something illegal or contrary to good morals in the condition ; which is not pretended by them. We are, therefore, of opinion that the bond is good and valid in law; as the act of the Legislative Council does not prohibit the taking a bond different from the one required by its provisions, or declare such to be void : and this opinion is fully supported by the decision in the case of Morse vs. Hudson, 5 Mass. Term Reports, 314.
It is contended by the counsel for the appellees, that there are not proper parties to the suit. On this point, tile Judge below has given no opinion and therefore it cannot be here examined. But, as we are of opinion that he erred, in considering *570 the bond void, because it was not taken in conformity to the provisións of the statute and on that acc.ount withholding it from the jury, the cause must be remanded.
It is, therefore, ordered, adjudged and decreed that this cause be sent back to the District Court from whence it came, to be there tried over : and that the Judge be instructed, to admit as evidence the bond on which the action is founded.